NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0856n.06
Filed: December 17, 2007

Case No. 05-5830

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| MARISSA MILLER, A MINOR, BY AND THROUGH HER MOTHER AND NEXT FRIEND, MIRANDA MILLER, | ) ) ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | **O R D E R** |
| JOHN DACUS, M.D., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: MERRITT and BATCHELDER, Circuit Judges; GWIN[*], District Judge.

### I. Background

Plaintiff Marissa Miller ("Miller"), through her mother and next friend, Miranda Miller, brought suit in federal district court against obstetrician John Dacus ("Dacus") for injuries Miller sustained when her mother gave birth to her in 1993. Miller commenced the suit over ten years later in 2003, asserting two distinct legal theories before the district court -- one for lack of informed consent and another for medical negligence. The district court granted Dacus' motion for summary judgment, dismissing Miller's lack-of-informed consent claim on the basis that a doctor's duty to obtain informed consent under Tennessee law is owed to the mother, not to the fetus, and thus a

---

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

claim for failure to provide informed consent does not belong to the child. The remaining claim of medical negligence proceeded to trial where the jury found that Dacus had not breached the applicable standard of care.

Miller appealed to this court the district court's grant of summary judgment for Dacus on her claim for lack of informed consent, moving to certify to the Tennessee Supreme Court the question of whether a fetus has an independent cause of action for prenatal injury resulting from a physician's failure to obtain informed consent from the mother. We granted that motion. Furthermore, we *sua sponte* certified an additional question to the Tennessee Supreme Court: if the answer to the first question is 'yes,' whether the minority provision of Tennessee's legal disability statute, Tenn. Code Ann. § 28-1-106, tolls the medical malpractice statute of repose, Tenn. Code Ann. § 29-26-116(a)(3), as applied to a fetus's lack of informed consent?

After accepting the certification, the Tennessee Supreme Court answered the first question in the affirmative, holding that "a minor does have an independent action against a medical provider based on lack of informed consent for prenatal injuries suffered during labor and delivery." *Miller v. Dacus*, 231 S.W.3d 903, 911 (Tenn. 2007). Additionally, the court answered the second question in the affirmative, holding that Tennessee's legal disability statute tolled the three-year statute of repose for Miller's informed consent claim because she filed the claim prior to December 9, 2005. *Id*. at 912.

## II. Order

In light of the ruling by the Tennessee Supreme Court, we now **VACATE** the district court's grant of summary judgment for Dacus on Miller's informed consent claim and **REMAND** to the

district court with the instructions to analyze the case consistent with the Tennessee Supreme Court's holding.

**IT IS SO ORDERED**.